[No. 30597.   Department One.   May 13, 1948.]

THE STATE OF WASHINGTON, *on the Relation of Ernesto A. Mangaoang et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Robert M. Jones, Judge, Respondent.*[1]

[1]Reported in 193 P. (2d) 318.

*Caughlan & Hatten,* for relators.

*Bassett & Geisness,* for respondent.

MILLARD, J.—Food, Tobacco, Agricultural & Allied Workers Union of America, commonly called F.T.A., a voluntary international association, and certain individuals who had been appointed temporary administrative officers of Cannery Workers & Farm Laborers Union, Local 7, a subordinate body of F.T.A., commonly called Local 7, commenced an action against V. A. Velasco and other officers of Local 7 to determine question of custody, management, and disposition of the business, property, and affairs of Local 7.

Trial of the cause to the court resulted in entry of an interlocutory order July 9, 1947, under the terms of which the members of Local 7 were to be afforded an opportunity to elect officers for said local. September 9, 1947, defendants filed petition in superior court for King county to enjoin the election because the members of the organization were not given a fair opportunity to select their own representatives. Defendants also filed a petition for appointment of receiver and for dissolution of Local 7.

On motion of defendants, the court entered an order March 8, 1948, requiring plaintiffs to produce certain documents belonging to Local 7 for inspection by defendants. Plaintiffs failed to comply with the order to produce the documents for inspection. On motion of defendants, the matter came regularly before the superior court March 27, 1948, on return to court's order that plaintiffs show cause why they should not be punished for contempt for failure to comply with the order entered March 8, 1948. Plaintiffs and their counsel were admonished to obey the order requiring production of documents.

April 2, 1948, the court entered an order adjudging Ernesto A. Mangaoang and others guilty of contempt for failure to produce for inspection the documents designated in the court's order entered March 8, 1948. Ernesto A. Mangaoang, Casimiro A. Abella, Jorge Dumlao, and Gene Navarro, who were fined, appealed from the order entered April 2, 1948. Matias Lagunilla, who was also adjudged guilty of contempt and confined in King county jail, has filed petition in this court for writ of *habeas corpus,* in cause No. 30588.

April 5, 1948, three days subsequent to appeal of Mangaoang *et al.* from order entered April 2, 1948, adjudging them guilty of contempt for failure to comply with the order entered March 8, 1948, for production of documents for inspection, the court issued an order requiring Mangaoang, Abella, Dumlao, and Navarro, to show cause why they should not be adjudged guilty of contempt by reason of their failure to comply with the order entered March 8, 1948, for production of documents for inspection.

Relators (Mangaoang, Abella, Dumlao, and Navarro) seek a writ of prohibition to restrain the superior court for King county from requiring relators to show cause why they should not be held in contempt of court for failure to comply with the order entered March 8, 1948, requiring the production of documents for inspection.

Relators timely appealed from the order entered April 2, 1948, and deposited with the clerk of the superior court two hundred dollars in cash in lieu of appeal bond in that amount. Rem. Rev. Stat., §§ 1721, 1722.

Counsel for relators contend that, as they had appealed from the order entered April 2, 1948, adjudging them guilty of contempt of court for failure to comply with the order of March 8, 1948, the trial court was proceeding in excess of its jurisdiction to order relators to show cause why they should not be adjudged in contempt of court for noncompliance with the order entered March 8, 1948.

The order entered April 2, 1948, adjudging relators guilty of contempt, is an appealable order. When relators gave notice of appeal and deposited two hundred dollars in money in lieu of appeal bond to render the appeal effectual (Rem. Rev. Stat., §§ 1721, 1722, 1731 [P.P.C. §§ 5-15, -17, -55]), this court acquired jurisdiction of the appeal for all necessary purposes, and the trial court retained jurisdiction only as to all proceedings required to be taken in it. The effect of the appeal was not to vacate the order from which the appeal was taken, but only to suspend the enforcement of the order until the review by this court was concluded.

While an order for the inspection of papers, under Rem. Rev. Stat., § 1262 [P.P.C. § 44-1], is not a final order from which an appeal can be taken directly, the order which is entered adjudging a party guilty of contempt for refusal to comply with such order, is an appealable order. Rem. Rev. Stat., § 1062 [P.P.C. § 20-27]. When an appeal has been taken from a contempt order, as in the case at bar, in the manner prescribed by statute, this court acquires jurisdiction of the cause, and the trial court retains jurisdiction only as to all proceedings required to be taken in it.

It was not (as urged by counsel for respondent), under the facts of this cause, prerequisite to review by this court that relators file a bond superseding the order of March 8, 1948, requiring production of records for inspection. Each failure subsequent to appeal from order entered April 2, 1948, to obey the order entered March 8, 1948, will not be a separate contempt. Relators could not appeal from the order entered March·8, 1948, to produce records for inspection, as such order is interlocutory and not appealable. The only remedy of relators would be to produce the records,

if possible, and to appeal from the final order in the cause. The other alternative of relators would be to refuse to produce the documents and appeal from a judgment of contempt. Rem. Rev. Stat., § 1062.

Relators appealed, in the manner prescribed by statute, from the order entered April 2, 1948, adjudging them guilty of contempt, by which appeal this court acquired jurisdiction. We find nothing in the statute requiring, under the facts recited above, the giving of bond to supersede the order of March 8, 1948.

In *State ex rel. Seattle General Contract Co. v. Superior Court,* 56 Wash. 649, 106 Pac. 150, 28 L. R. A. (N.S.) 516, we held that an order for inspection of papers, under Bal. Code, § 6047, now Rem. Rev. Stat., § 1262, is not a final order from which an appeal can be taken directly, and that the party who was ordered to produce the papers might refuse to obey the order and appeal from judgment of contempt for refusal to produce the papers. See, also, *State ex rel. Peterson v. Superior Court,* 67 Wash. 370, 121 Pac. 836.

■ The order issued by the court April 5, 1948, requiring relators to show cause why they should not be adjudged guilty of contempt by reason of their noncompliance with the order entered March 8, 1948, for production of documents for inspection, was made without authority of law, in view of the perfected appeal of relators from the order entered April 2, 1948, which divested the trial court of jurisdiction in the matter.

■■ The order entered April 5, 1948, is not appealable. Unless the writ for which relators pray is issued, the trial court will adjudge the relators in contempt of court. Relators, of course, may appeal from the judgment of contempt. The remedy by appeal is not adequate.

The question whether the proceeding instituted to compel relators to produce documents for inspection, which resulted in punishment by way of fine and imprisonment, is a criminal contempt proceeding which, by Rem. Rev. Stat., § 1054 [P.P.C. § 20-11], must be prosecuted in the name of the state by the prosecuting attorney, and, if on relation of a

private party, with such party as a coplaintiff, is not raised in the case at bar. See *In re Harrington's Estate,* 163 Wash. 516, 1 P. (2d) 850.

The trial court is acting in excess of its jurisdiction, and there is no plain, adequate, and speedy remedy which is available to protect the rights of relators. Therefore, the writ for which relators pray should issue.

It is so ordered.

MALLERY, C. J., ROBINSON, SCHWELLENBACH, and HILL, JJ., concur.