**People of the State of Illinois, Plaintiff-Appellee, v. Tremayne Brigham, Defendant-Appellant.**

**Gen. No. 49,272.**

First District, First Division.
April 13, 1964.
Rehearing denied May 4, 1964.

Westbrooks, Holman & E. F. Johnson, of Chicago (Claude W. B. Holman and Evelyn F. Johnson, of counsel), for appellant.

Daniel P. Ward, State's Attorney (Elmer C. Kissane and Richard T. Buck, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Respondent Tremayne Brigham, an attorney, appeals from a contempt order entered in the "Family Court." He was sentenced to the County Jail of Cook County "for a period not to exceed sixty (60) days."

The facts are not disputed. The contempt proceeding was initiated by a petition filed by the chief administrative officer of the Family (Juvenile) Court of Cook County, a branch of the Circuit Court (Ill Rev Stats, c 23, §§ 2003-4). The petition, verified on information and belief, alleged: that a delinquent petition

was filed in the "Family Court" on December 21, 1962, alleging that a female child (named in the petition) was incorrigible, and on that day a preliminary custody hearing was held and the child was ordered detained in the Arthur J. Audy Home; that Mr. James Jordan, Superintendent of the Arthur J. Audy Home, was appointed temporary guardian until further order of the court, and the matter was continued until January 11, 1963; that on December 27, 1962, an appearance was filed in the clerk's office, purporting to be signed by Clinton O. Sims, an attorney, which appearance was subsequently presented to the Arthur J. Audy Home by a person representing himself to be Sims; that after signing the name of Sims in a registration book, the person was permitted to see the delinquent child on December 27, 1962, in an interview room in the Arthur J. Audy Home; and that the person who signed the name of Sims and who presented himself in the Audy Home and interviewed the delinquent child was not Sims, but the respondent Tremayne Brigham. The petition further alleged "that the delinquency petition filed in this case is a result of delinquent acts committed by said child with the said respondent, Tremayne Brigham and that the said Tremayne Brigham has a personal interest in the matter of any prosecution or further disposition of this cause and related causes concerning the delinquency behavior of the child with said respondent." The petition charged that the acts of respondent Brigham were deceitful and fraudulent and were wilful and contumacious acts of contempt of court, and prayed "that this court enter a rule to show cause upon the respondent, Tremayne Brigham to show cause if any he have why he should not be held and punished for contempt of this court wilfully committed by him."

Respondent appeared in court with counsel, and the following order was entered on January 28, 1963:

446

"This cause coming on to be heard upon the action of the State's Attorney, Daniel P. Ward, for a Rule to Show Cause upon the respondent, Tremayne Brigham and it appearing to the Court that due notice has been given to the respondent with a copy of the Petition thereto attached and it further appearing to the Court that the respondent, Tremayne Brigham appeared before this Court in his own proper person and with his counsel, whose appearance has been filed herein, said counsel being Clinton O. Sims, and it further appearing to the Court that said Tremayne Brigham and his counsel waive the issuance of a Rule to Show Cause herein and submit themselves to this Court seeking an immediate hearing upon said petition and waive filing of an Answer to said petition and it further appearing to the Court that said Tremayne Brigham in his own person and through his counsel admits each and every allegation in the said petition and it further appearing to the Court upon the sworn testimony of the petitioner and the admissions of the respondent thereto, Tremayne Brigham, that each and every allegation contained in the said petition are true;

"It Is Further Ordered, Adjudged and Decreed:
" 'That a Rule to Show Cause ought to be entered herein and the said respondent Tremayne Brigham waives issuance of a Rule to Show Cause upon said petition and waives the right to answer said petition asking for an immediate hearing upon said petition without the benefit of an Answer and issuance of a Rule, that the said respondent, Tremayne Brigham be and he is hereby found to to in Contempt of this Court.'

447

"It Is Further Ordered, Adjudged and Decreed:
" 'That the said Tremayne Brigham is hereby sentenced to the County Jail of Cook County, Illinois, for a period not to exceed sixty (60) days.'

"It Is Further Ordered, Adjudged and Decreed:
" 'That the Sheriff of Cook County, Illinois shall forthwith transport said Tremayne Brigham to the Warden of the County Jail as aforesaid.'

"It Is Further Ordered, Adjudged and Decreed:
" 'That the respondent, Tremayne Brigham having notified in open Court that he wishes to appeal the decision of this Court in regard to the said finding of Contempt of this Court, the Court fixes the Appeal Bond in the sum of One Thousand Dollars ($1000.00) with sureties.' "

The record filed in this court includes the basic petition, the contempt order, a report of proceedings of the hearing on the motion and the entry of the contempt order, a notice of appeal filed January 28, 1963, motions of respondent filed February 26, 1963, for a new trial and to correct the record and withdraw "any plea of guilty," and for leave to answer. It should be noted that respondent has urged in his briefs and oral arguments that the whole record was filed here ". . . as an abundance of caution only."

█ Initially, respondent contends that since he admitted in open court the allegations contained in the petition, if he were guilty of contempt, it was direct contempt and the court was required to enter a written order setting forth fully, clearly, and specifically, the facts out of which the contempt arose. (People v. Hille, 192 Ill App 139 (1915); People v. Sherwin, 353 Ill 525, 187 NE 441 (1933); People v. Rockola, 346 Ill 27, 178 NE 384 (1931).) Respondent argues "the only thing for the court to determine was whether or not Brigham's admission constituted a challenge to the dignity of the court. . . . all facts

constituting a challenge to the dignity of the court must be set forth in the order of contempt, which was not done in the case at bar."

We agree that in a direct contempt proceeding, the act having been committed in the presence of the court, evidence is unnecessary and no record need be made. But the accused has a right of appeal, and it is therefore necessary for the court to enter a written order in which, as stated in People v. Loughran, 2 Ill2d 258, 263, 118 NE2d 310 (1954):

> "All the essential facts must be fully set forth and no part thereof can be supplied by presumptions or inferences (People v. Tavernier, 384 Ill 388,) and no facts which did not occur in the presence of the court should be taken into consideration by the court in adjudging guilt or in fixing the punishment. People v. Rongetti, 344 Ill 107."

We also agree, as argued by the People, that the fraudulent acts here can be considered as a technically direct contempt. (In re Estate of Kelly, 365 Ill 174, 179, 6 NE2d 113 (1937).) The delinquent child, a ward of the court and the State, was detained in a necessary "constituent part of the court" pending a determination on a delinquent petition. When respondent unqualifiedly admitted in open court that he visited the delinquent child and signed the name of Sims to the appearance, as alleged in the petition, the trial court could have proceeded under the "direct contempt" rule, which would have required a written order with all essential facts.

We do not agree, however, that the foregoing "direct contempt" rule must be applied here. As the alleged contempt occurred in a constituent part of the court, and not in the immediate presence of the judge, the court was correct in initiating and concluding the contempt proceedings under the procedure which ap-

plies to indirect contempts. That rule provides that when the contempt is not an apparent one, and its demonstration relies upon the proof of facts of which the court has no personal or judicial notice, due process requires notice, pleadings and an opportunity to be heard. People v. Gholson, 412 Ill 294, 299, 106 NE2d 333 (1952); People v. Howarth, 415 Ill 499, 508–9, 114 NE2d 785 (1953).

We are not persuaded that, because respondent admitted in open court "each and every allegation in this petition" and waived the issuance of a rule and the right to file an answer, the trial judge was then required to enter a written order setting forth fully, clearly, and specifically, the facts out of which the contempt arose. The admission in open court of the allegations of the petition did not change the basic fact that the alleged contempt was "dependent for its proof upon evidence of some kind," which called for ''notice, citation, or rule to show cause be served upon the alleged contemnor."

We conclude and hold that the basic petition and report of the proceedings had at the time of the hearing of the motion and the entry of the contempt order are properly included in this appeal record, for consideration by this court as to whether the finding of contempt, and the resulting sentence, was proper and within the sound discretion of the trial judge. It follows, therefore, that the instant order, based upon a petition, copy of which was served on respondent, which set forth fully, clearly, and specifically, the facts out of which the charge of contempt arose, and which were admitted by respondent in open court, satisfied the constitutional requirements of due process. It was not necessary that the contempt order recite the essential facts which did not occur in the presence of the court, although admitted by respondent.

Respondent further contends that the contempt order does not affirmatively show that re-

spondent was personally present in open court when the contempt order was actually entered. (People v. Sherwin, 353 Ill 525, 527, 187 NE 441.) We find no merit in this contention. The statements in the order are sufficient to affirmatively establish that respondent was personally present in court when the order was entered.

■ As to the facts admitted, respondent contends that they do not "constitute contempt" as a matter of law. (People v. Spain, 307 Ill 283, 138 NE 614 (1923); People v. Rongetti, 344 Ill 107, 176 NE 292 (1931).) We do not consider cases cited by respondent on this contention to be in point here. We think the undisputed acts of filing a false appearance and interviewing a delinquent child in custody in a pending proceeding in which respondent was a party, all of which respondent admitted in open court to be "inexcusable," is such conduct as "was calculated to embarrass, hinder or obstruct the court in the administration of justice or calculated to lessen its authority or dignity." (People v. Bialek, 31 Ill App2d 281, 298, 175 NE2d 278 (1961).) We find no merit in this contention.

■ Respondent further contends that the order of commitment is vague, indefinite and uncertain, and for that reason alone it should be reversed. (People v. Graydon, 329 Ill 398, 160 NE 748 (1928).) We agree that "a sentence should be so complete as to need no construction of a court to ascertain its import," and believe that the instant sentencing order is within that rule—it is for a specified maximum period of sixty days. "In construing a sentence, the language of the sentence should receive its ordinary legal meaning so that the intention of the judge who imposed it may be given effect." (People v. Ferguson, 410 Ill 87, 94, 101 NE2d 522 (1951).) We think the intention of the trial judge in this sentence is ascertainable, and "its ordinary legal meaning" is a maximum

451

of sixty days subject to statutory provisions for good behavior. Ill Rev Stats, c 75, §§ 29–32.

■ Finally, respondent complains that it was error for the trial court to summarily dismiss the post-trial motions and "to refuse to compel the State to answer them." The report of proceedings had at the hearing of the motions shows that the court denied leave to file both motions primarily on the premise that respondent had previously filed a notice of appeal "and the case is already in the Appellate Court." This ruling was correct. The trial court no longer had jurisdiction to enter any order which could be reviewed in this appeal by this court. American Smelting & Refining Co. v. City of Chicago, 409 Ill 99, 102, 98 NE2d 710 (1951).

We conclude that the contempt order was proper in form, and the finding of contempt and the order of sentencing were within the power of the trial court and not an abuse of discretion. Therefore, it is affirmed.

Affirmed.

BURMAN and KLUCZYNSKI, JJ., concur.