Jack Thomas STROUP, Appellant
(Defendant below),

v.

The CITY OF SHERIDAN, Appellee
(Plaintiff below).

No. 3234.

Supreme Court of Wyoming.

May 28, 1964.

Bruce P. Badley, Sheridan, for appellant.

Harry F. Schwartz, Sheridan, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

PER CURIAM.

Following defendant's conviction in the Sheridan municipal court of a violation of a city ordinance, he attempted to appeal to the district court. His appeal bond was fixed by the police justice in the sum of twenty-five dollars and this was furnished in cash. Upon motion of plaintiff, order of dismissal was entered wherein the trial court stated that "Defendant has failed to perfect his appeal herein within the time provided by law in that he has failed to enter into, execute and file in this Court the recognizance required by the statutes of the State of Wyoming." From such order, defendant appeals.

Since 1895, our statutes have provided for cities of first class that "In all cases before the police justice arising under ordinances of the city, * * * no appeal shall be allowed unless * * * defendant shall * * * enter into recognizance with sufficient sureties to be approved by the justice * * *. [§ 5–125, W.S.1957.]" Subsequently other statutes were passed concerning appeals from police courts, the most recent in 1933 when the legislature provided, "In addition to all other methods heretofore provided by law, an appeal from the judgment or sentence of a police justice in any city or town operating under a * * manager form of government [as does Sheridan], may be taken to the district court in the same manner as is now provided by law for appeals from justice courts in criminal cases, and shall be dealt with by the courts as criminal cases. [§ 5–121, W.S.1957.]"

Under the same reasoning stated by this court in City of Sheridan v. Cadle, 24 Wyo. 293, 157 P. 892, discussing the 1895 statute and what is now § 5–120, W.S.1957, the defendant was permitted to appeal under § 5–121.

■ Section 7–442, W.S.1957, and following sections, provide the procedure for appeals from justice courts in criminal cases. Section 7–442 states that a defendant may appeal from the judgment to the district court of the county in which the trial was had. Section 7–443 provides that the defendant must be informed of his right of appeal and that "the defendant may thereupon take an appeal by giving notice orally to the justice that he appeals, and the justice must make an entry on his docket of the giving of such notice." Section 7–444 provides that the "justice must * * * enter an order on his docket fixing the amount in which bail may be given by the defendant, and the execution of the judgment against the defendant shall not be stayed, unless bail in that amount be put in * * *." Even if it is assumed that the police justice was unauthorized to accept cash for "bail," such fact would not affect an appeal otherwise properly taken.

■ The record in the instant case reflects that defendant in compliance with § 7–443 gave notice of appeal orally to the justice. The order of the trial court must therefore be reversed, and the cause is remanded for action consistent with the views herein expressed.

■ Under this disposition of the cause, it is unnecessary to discuss what counsel now refers to as an affidavit of "prejudice" which defendant filed seeking a change of judge. Attention is nevertheless directed to State ex rel. Petro v. District Court of Sheridan County, Wyo., 389 P.2d 921, which clearly indicates that a litigant should not rely upon the use of the word "interest" in such an affidavit if "bias or prejudice" is meant.

Reversed and remanded with direction.