388

[No. 38178.   Department Two.   February 2, 1967.]

TOWN OF RUSTON, *Respondent*, v. LEO L. WINGARD,
*Appellant*.*

*Leo L. Wingard*, pro se.

*Binns, Petrich & Mason*, by *James J. Mason*, for respondent.

PER CURIAM.—Appellant, acting as his own attorney,[1] seeks relief in this appeal from two "orders on show cause," both based on purported violations of a permanent injunction issued March 18, 1963, at the instance of respondent, Town of Ruston. The injunction was not appealed from.

On February 17, 1965, an affidavit was filed alleging that appellant was in violation of the injunction. That same day, an order to show cause issued, and on February 23, 1965, appellant filed an answer to the show cause order. The matter came on for hearing on February 25, 1965, and the court, after considering the affidavits and examining appellant at length under oath, found him in contempt. The

*Reported in 423 P.2d 543.

[1]The trial court offered Mr. Wingard the assistance of counsel, but this offer was declined.

sentence imposed by the court was suspended on condition that appellant file with the court, prior to March 10, 1965, an affidavit accompanied by photographs showing compliance with the March 18, 1963, injunction. Appellant's oral notice of appeal, given at that time, was later withdrawn.

On March 1, 1965, appellant filed a motion to vacate the order on show cause. The motion was denied after a hearing on March 8, 1965, and appellant thereupon filed written notice of appeal.

Then, on March 10, 1965, appellant filed an affidavit and pictures as ordered by the court on February 26, 1965, allegedly showing compliance with the court's order.

May 21, 1965, appellant gave written notice that he would move the court to certify and sign the statement of facts on the following Monday.

Then, on May 25, 1965, a second affidavit was filed by the mayor of the Town of Ruston, alleging that, since appellant had purged himself of contempt on March 10, 1965, he had committed further acts in violation of the March 18, 1963, injunction. On May 26, another order to show cause issued, and hearing was had thereon on June 1, 1965. June 14, 1965, the trial court, having heard the cause, issued a second order adjudging appellant to be in contempt of court. Appellant thereafter filed what he terms a "supplemental notice of appeal" to this court.

It is appellant's contention that the trial court was without jurisdiction to sign the May 26, 1965, order, since an appeal was then pending from the former order on show cause, entered February 26, 1965. His contention is based on Rule on Appeal 15, which provides, in part:

> [T]he supreme court shall thereupon acquire jurisdiction of the appeal for all necessary purposes and shall have control of the superior court and of all inferior officers in all matters pertaining thereto, . . . .

In *State ex rel. Mangaoang v. Superior Court,* 30 Wn.2d 692, 193 P.2d 318 (1948), this court held that, where the parties have appealed from an order adjudging them in contempt for refusal to obey an order for inspection of records, the trial court was without authority to issue a

subsequent order requiring them to show cause why they should not be adjudged in contempt for refusing to obey that same order, since the appeal from the order of contempt originally entered divested the trial court of jurisdiction in the matter.

It will be noted, however, that the second order to show cause in that case was based on the *continued* refusal to obey the original order of the court, and not on any subsequent or separate act of contempt.

In the present case, the second order to show cause, dated May 26, 1965, was based on a second, separate act by the defendant committed after he had purged himself of the first contempt, and in violation of the March 18, 1963, injunction.

■ We hold that the giving of notice of appeal from an order finding the defendant in contempt for violation of a permanent injunction does not divest the trial court of jurisdiction to enter a later order to show cause based upon a subsequent and separate act of contempt, committed after the defendant has purged himself of contempt in the action from which his appeal is pending. The appellant's contention is without merit.

We have carefully considered appellant's other assignments of error, and likewise find them to be without merit.

The actions of the trial court are affirmed in their entirety. The remittitur in this cause shall issue forthwith.