**Bruce P. BADLEY, Appellant
(Defendant below),**

v.

**CITY OF SHERIDAN, Appellee
(Plaintiff below).**

**No. 3622.**

Supreme Court of Wyoming.
April 25, 1968.

James E. Birchby, Sheridan, for appellant.

Robert E. Holstedt, Sheridan, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This case involves an appeal from an order of the district court of Sheridan County dismissing an appeal by Bruce P. Badley from a sentence of contempt in police court. The order of dismissal was predicated on a finding that the district court had no jurisdiction to hear proceedings on appeal from an order of contempt entered in police court.

The City of Sheridan is operating under a manager form of government. It claims the municipal judge had jurisdiction and had the right to punish for direct contempt in open court and that there is no right of appeal for the purpose of reviewing same. Appellant claims the modern trend in case authority favors his right of appeal and that § 5–121, W.S.1957, should be construed in any event to allow his appeal in the instant case. This section provides:

"In addition to all other methods heretofore provided by law, an appeal from the judgment or sentence of a police justice in any city or town operating under a * * * manager form of government, may be taken to the district court in the same manner as is now provided by law for appeals from justice courts in criminal cases, and shall be dealt with by the courts as criminal cases."

In Stroup v. City of Sheridan, Wyo., 392 P.2d 517, we held a defendant in a criminal case could appeal under the provisions of § 5–121, W.S.1957, which was enacted in 1933, irrespective of provisions for appeal from a police justice in § 5–125, W.S. 1957 (enacted 1895 and amended 1907), and irrespective of other appeal provisions contained in § 5–120, W.S.1957 (enacted 1905). This was because the legislature in 1933 provided, "In addition to all other methods heretofore provided by law," an appeal may be taken.

We recognize the common-law rule that a court of competent jurisdiction is the sole judge of contempts against its authority and dignity, and its judgment in such cases is final and conclusive and not reviewable. See 17 C.J.S. Contempt § 112, p. 295; and 17 Am.Jur.2d, Contempt § 115 p. 100. However, there is an impressive trend of authority to the effect that this common-law rule is too harsh, and that some protection should be afforded against the possible arbitrary use of the power of the court to punish summarily for contempt. Stern v. Chandler, 153 Me. 62, 134 A.2d 550, 555; United States v. Bollen-

bach, 2 Cir., 125 F.2d 458, 460; Annotation 28 A.L.R. 40, 50–52.

As stated in New England Novelty Co., Inc. v. Sandberg, 315 Mass. 739, 54 N.E.2d 915, 917, cert. den. 323 U.S. 740, 65 S.Ct. 63, 89 L.Ed. 593, reh. den., 323 U.S. 815, 65 S.Ct. 128, 89 L.Ed. 648, the principle that proceedings for contempt were not subject to review was apparently thought too inflexible to meet the needs of modern society.

There is also a substantial line of authority for the proposition that the question whether the acts complained of can constitute a contempt is jurisdictional, and in the absence of evidence showing that an actual contempt of court was committed, the order of commitment should be annulled. Chula v. Superior Court, 57 Cal.2d 199, 18 Cal.Rptr. 507, 368 P.2d 107, 111, 97 A.L.R.2d 421; In re People (Murley v. Murley) 124 Colo. 581, 239 P.2d 706, 708.

■ In People v. Brigham, 47 Ill.App.2d 444, 198 N.E.2d 106, 109, it was agreed evidence is unnecessary in a direct contempt, since the act is committed in the presence of the court. However, because the accused has a right of appeal, it is necessary for the court to enter a written order in which is stated all the essential facts on which the order of contempt is based.

It is of interest to notice this same kind of requirement is made by statute in Wyoming for contempt proceedings in justice of the peace courts. Section 1–672, W.S. 1957. There, of course, would be no reason for setting forth the particular circumstances of the offense, as required in § 1–672, unless the order of contempt is subject to review. If the legislature intended orders of contempt by justices of the peace to be reviewable, there would be no reason to believe orders of contempt entered by police justices should not also be reviewable.

Section 5–121, W.S.1957, which affords the right of appeal from a police justice to the district court, contains no exclusions. It purports on its face to give a right of appeal from any judgment or "sentence" of the police justice. Likewise, Rule 72(b), W.R.C.P., purports on its face to authorize an appeal to the district court from any "final order" made by a court inferior in jurisdiction to the district court.

The earlier cases of Porter v. State, 16 Wyo. 131, 92 P. 385, 386–387; and Laramie Nat. Bank of Laramie City v. Steinhoff, 7 Wyo. 464, 53 P. 299, 301, held orders which punished for direct contempt were final, affected a substantial right, were made in a special proceeding, and were therefore reviewable on error. The supreme court of Washington has held to the same effect in State ex rel. Mangaoang v. Superior Court For King County, 30 Wash.2d 692, 193 P.2d 318, 319.

Rule 72(a), W.R.C.P., now makes an order affecting a substantial right, made in a special proceeding, a final and appealable order. This rule was copied verbatim from the statute defining a final order, which was in effect at the time of the decisions in the *Porter* and *Laramie Nat. Bank* cases, and we see no reason for not following such decisions in the instant case. This brings us to the conclusion that we should construe § 5–121, W.S.1957, and Rule 72(b), W.R.C.P., as authorizing an appeal from a sentence for contempt imposed by a police justice, to the district court.

■ We do not pretend to say the district court should substitute its judgment for the judgment of the police justice, with respect to the propriety of punishing for contempt and the amount of the fine, if it finds the acts complained of would in fact constitute a contempt and that the police justice did not act arbitrarily. See Romeyn v. Caplis, 17 Mich. 449, 455 (1868); Brunton v. Superior Court of Los Angeles County, 20 Cal.2d 202, 124 P.2d 831, 833; and Brayfield v. Brayfield, 175 Kan. 337, 264 P.2d 1064, 1067.

*Appeal Bond*

On appeal, counsel for both sides have argued about whether there was a proper appeal bond in this case. Apparently, Bad-

ley gave a check for $25.00 payable to the City of Sheridan, on which was written "Appearance Bond for Appeal." He received in return for the check a receipt of the Police Department indicating $25.00 had been received from Bruce Badley for "Appearance Bond."

█ The record shows the district court, at the request of Badley, ordered the police justice to correct the record on appeal by showing the facts with respect to the giving of the Badley check and the issuing of receipt therefor. Such correction was made. Nowhere in the record before us is it indicated that the police justice objected to the sufficiency of the $25.00 payment as an appeal bond, or that he ever set or required a different bond. The attorney for the city should not now be heard to complain that the bond thus accepted without objection is insufficient.

In any event, the city's motion for dismissal of Badley's appeal in district court stated no ground for dismissal, except that the defendant "has no right to a statutory appeal for the purpose of reviewing a summary citation and fine for a direct contempt of Court, committed in the presence of the Court." The order of dismissal recites merely that the appeal was not properly perfected and that the court has no jurisdiction to hear such proceedings on appeal.

█ The finding that the appeal "was not properly perfected" is a meaningless conclusion, in the absence of something to indicate why the district court considered the appeal not properly perfected. Moreover, it was not one of the grounds on which dismissal was sought. In the absence of a showing that a question pertaining to the lack of an adequate appeal bond had been presented to and passed on by the district court, we will not consider the question on appeal. Moore v. Kondziela, Wyo., 405 P.2d 788, 791; In re Bridger Valley Water Conservancy District, Wyo., 401 P.2d 289, 292.

We think we should point out, before leaving the matter of an appeal bond, that § 5–121, W.S.1957, provides that appeals may be taken from police justices in the manner provided by law for appeals from justice courts. This would make § 7–444, W.S.1957, applicable with respect to an appeal bond. Such section makes it mandatory for the justice to enter an order fixing the amount of bail for appeal, which was not done by the justice in Badley's case.

Moreover, the section does not invalidate an appeal in the absence of an appeal bond. Instead, it speaks of bail which *may* be given by the defendant and provides that execution of the judgment against defendant "shall not be stayed," unless bail in the amount fixed by the justice is put in by an undertaking substantially in a prescribed form.

There is nothing in the record before us to indicate Badley has been confronted with the need for additional bail bond to stay execution. On the contrary, as we have already stated, the record indicates the municipal court has accepted and not objected to the sufficiency of the $25.00 bond by check which Badley did put up.

In Stroup v. City of Sheridan, Wyo., 392 P.2d 517, 518, we said, even if it is assumed the police justice was unauthorized to accept cash for bail, such fact would not affect an appeal otherwise properly taken. The same applies in the case before us, and Badley's appeal should have been accepted and acted upon by the district court.

█ In order for the district court to determine whether the acts complained of can constitute a contempt, it should require the police justice to set forth the particular circumstances of the offense, as required for justices of the peace in § 1–672, W.S. 1957.

Reversed and remanded with instructions for the district court to rescind its order of dismissal and to take further action not inconsistent with this opinion.