**Marilyn R. YALEM,
Petitioner/Respondent,**

v.

**Richard L. YALEM,
Respondent/Appellant.**

**No. 58259.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 26, 1990.

See also 801 S.W.2d 439.

Charles M. Shaw, Joseph Howlett, Clayton, for respondent/appellant.

Mark H. Levison, John E. Bardgett, Denise Thomas, Clayton, for petitioner/respondent.

GRIMM, Judge.

This is a case of first impression in Missouri. The question presented is whether a trial court has jurisdiction to hear a contempt motion involving a subsequent act of contempt while a judgment for the previous act of contempt is pending on appeal. We hold that it does and affirm.

The parties do not question our jurisdiction. We have jurisdiction, because the contemnor contests the trial court's jurisdiction to hear the motion for contempt although no enforcement order has been issued. *Cooper v. Cooper*, 778 S.W.2d 694, 697 (Mo.App.E.D.1989).

## I. Background Facts

In their 1988 dissolution decree, husband Richard Yalem was ordered to pay wife Marilyn Yalem monthly maintenance of $2,750.00. Husband failed to pay, and in October, 1989, wife filed a motion for contempt. On January 5, 1990, the trial court found husband owed wife a balance of $6,875.00 for maintenance for October, November, and December, 1989, and January, 1990. On February 1, 1990, husband appealed that judgment, which included a warrant and commitment for civil contempt. *See Yalem v. Yalem*, 801 S.W.2d 439 (Mo.App.1990).

On February 13, 1990, while the previous judgment was pending on appeal, wife filed a new motion for contempt. She alleged husband had failed to pay the $2,750.00 due February 1, 1990. Husband filed a special entry of appearance and motion to dismiss for lack of jurisdiction. He contended the filing of the notice of appeal and his payment of the docket fee divested the trial court from all jurisdiction.

On March 22, 1990, the motion to dismiss was taken up and denied. The trial court found that "this proceeding is a new and different proceeding as to those sums allegedly due after January 5, 1990."

On March 30, wife's motion to show cause for contempt was heard. Husband submitted a $2,750.00 check for February, 1990, maintenance. The court ordered husband to pay wife's attorney fees. Attorney fees may be awarded in civil contempt cases. *McNeill v. McNeill*, 708 S.W.2d 751, 754 (Mo.App.E.D.1986).

## II.  Two Separate Acts

In his sole point on appeal, husband claims "[t]he trial court erred in holding a hearing on the wife's motion for contempt ... for the reason that the filing of the notice of appeal on February 1, 1990, divested the trial court of jurisdiction to hear and determine any further issues in the case."

The crux of husband's argument is that the appeal of the first contempt order "removes the case from the jurisdiction of the trial court." He contends the trial court's jurisdiction "over the entire case is suspended upon the filing of the notice of appeal." In support, he cites *State ex rel. Brooks Erection & Construction Co. v. Gaertner*, 639 S.W.2d 848 (Mo.App.E.D. 1982) and *Davidson v. Ellison*, 681 S.W.2d 479 (Mo.App.W.D.1984). Neither case involves an award of maintenance, nor does either involve successive judgments on different actions. As a result, they are not applicable or controlling.

"Where payment of permanent alimony is to be made in installments, execution may issue to enforce payment of each installment as it falls due, or of as many of them as may be due at any one time, each installment, as it accrues, being regarded as a separate judgment on which execution may issue." 27B C.J.S. *Divorce*, § 461(d) (1986). Or, as stated in *Steckler v. Steckler*, 293 S.W.2d 129, 135 (Mo.App.S.D.1956), "A judgment for [maintenance] is a judgment for money and subject to the incidents of money judgments, enforceable by execution as to installments which are in arrears."

The first contempt order concerned maintenance which was due prior to February 1, 1990. The second contempt motion concerned maintenance due since February 1. As a result, the January contempt order did not involve the payment due in February. Conversely, the February contempt motion did not rely on acts occurring before February 1. Each of the two motions and judgments were separate and apart from the other; there were two judgments against husband, not one.

The Supreme Court of Washington addressed a similar question in *Town of Ruston v. Wingard*, 70 Wash.2d 388, 423 P.2d 543 (1967). In that case, the defendant was found in violation of a permanent injunction, and the trial court held him in contempt. He appealed. While the appeal was pending, he again violated the permanent injunction and again he was charged with contempt. He was held in contempt a second time. *Id.* 423 P.2d at 543–44.

The defendant appealed his second contempt order, arguing the court lacked jurisdiction to issue the order because "an appeal was then pending from the former [contempt] order." The Washington Supreme Court disagreed. It held "the giving of the notice of appeal from an order finding the defendant in contempt for violation of a permanent injunction does not divest the trial court of jurisdiction to enter a later order ... based upon a *subsequent and separate act of contempt.*" *Id.* (emphasis added).

Wife's second contempt motion is "based upon a subsequent and separate act of contempt." Husband was not in default on the February 1 installment when the first contempt motion was litigated. Therefore, husband's default on the February 1 payment was a "subsequent and separate act of contempt."

## III.  Conclusion

Husband committed two separate acts of contempt. Therefore, the trial court had jurisdiction to hear wife's February 13, 1990, motion.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.