HOWARD KRAMBECK ET AL., APPELLANTS AND CROSS-APPELLEES, V. CITY OF GRETNA, APPELLEE AND CROSS-APPELLANT.

254 N. W. 2d 691

Filed June 8, 1977. No. 40997.

Peterson, Bowman, Coffman & Larsen, for appellants.

Hosford & Hosford, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, C. J.

This case involves an inverse condemnation pro-

ceeding brought by the plaintiffs, Howard Krambeck and James Schram, owners of real estate in Sarpy County, Nebraska, against the defendant, City of Gretna. The plaintiffs alleged in their petition that the defendant appropriated certain of the plaintiffs' land to public use by causing effluent from a sewerage treatment plant to flow across the plaintiffs' land.

Following the filing of the plaintiffs' petition, the county court of Sarpy County appointed three freeholders of the county to serve as appraisers in the case. The appraisers viewed the plaintiffs' land and held a hearing for all interested parties. On July 11, 1975, the appraisers filed their report with the county court, assessing damages suffered by the plaintiffs at $30,000.

The defendant appealed the determination of the appraisers to the District Court. The plaintiffs filed a motion to dismiss the appeal, a petition on appeal, and an amended petition. The amended petition alleged the date of the original taking to be September 12, 1967. Thereafter the defendant filed a demurrer, alleging that the plaintiffs' cause of action was barred by the statute of limitations. On July 12, 1976, the District Court entered an order finding that the applicable statute of limitations on an action of condemnation, when instituted by a condemnee was a period of 4 years and sustained the demurrer. Plaintiffs were granted leave to amend their petition, but elected to stand on it, and the petition was dismissed. This appeal followed. We reverse the judgment of the District Court.

The factual background of this litigation is as follows: The plaintiffs are owners as tenants in common of land located approximately 1½ miles west of the City of Gretna, Nebraska. A depression runs across their land in approximately an east-west direction. At the west edge of the City of Gretna, a new sewerage plant was constructed and went into

operation after September 1967. This plant discharges treated effluent from a concrete culvert approximately 300 yards west of the treatment plant into the depression which crosses the plaintiffs' land. The plaintiffs contended that after September 1967, there was a continuous flow through the depression resulting in substantial erosion. In addition, there have been times when untreated sewage has been discharged, causing nauseous and offensive odors in the vicinity of the plaintiffs' land.

The plaintiffs' action was brought under section 76-705, R. R. S. 1943, which provides: "If any condemner shall have taken or damaged property for public use without instituting condemnation proceedings, the condemnee, in addition to any other available remedy, may file a petition with the county judge of the county where the property or some part thereof is situated to have the damages ascertained and determined."

The sole issue on appeal is a determination of the applicable statute of limitations to an inverse condemnation proceeding. The eminent domain statutes, sections 76-701 et seq., R. R. S. 1943, do not provide a special statute of limitations. "Where the statute provides a remedy and fixes the time within which the owner must move, a failure to move within such period is ordinarily a complete defense. In the absence of special statutory provisions regulating the time within which an owner must pursue his remedy, the time prescribed by the general statutes of limitations will ordinarily apply * * *." 30 C. J. S., Eminent Domain, § 415, p. 528.

The plaintiffs contend that the applicable statute of limitations is the 10-year period found in section 25-202, R. R. S. 1943, and that it was error for the District Court to sustain the defendant's demurrer. The defendant contends that the 4-year statute of limitations found in section 25-206, R. R. S. 1943, is applicable and that plaintiffs' claim for damages

was thus barred and the demurrer properly sustained by the District Court.

Section 25-206, R. R. S. 1943, provides: "An action upon a contract, not in writing, expressed or implied, or *an action upon a liability created by statute,* other than a forfeiture or penalty, can only be brought within four years." (Emphasis supplied.) The defendant draws our attention specifically to the emphasized language.

Article I, section 21, of the Constitution of the State of Nebraska, provides: "The property of no person shall be taken or damaged for public use without just compensation therefor." This provision is the basis of the plaintiffs' cause of action against the defendant. The defendant's liability is not a statutorily created one, but a constitutional one. See Deitloff v. City of Norfolk, 183 Neb. 648, 163 N. W. 2d 586 (1968). The eminent domain statutes, sections 76-701 et seq., R. R. S. 1943, are procedural and themselves create no substantive liabilities.

The defendant argues that as a result of the plaintiffs having brought this action, it has incurred "liability created by statute" in that, as the condemner in the inverse condemnation proceeding it is required to pay various costs of the action, e.g., appraisers' fees (§ 76-723, R. R. S. 1943), and court costs on any appeal by a condemner (§ 76-720, R. R. S. 1943). These costs, it contends, are liabilities created by statute and thus section 25-206, R. R. S. 1943, by its terms is applicable. The costs required of a condemner under the provisions of section 76-720, R. R. S. 1943, are totally irrelevant to a determination of the applicable statute of limitations for an inverse condemnation action. While from the defendant's viewpoint these are liabilities incurred as a result of the statutory provisions, they are not liabilities created by statute as contemplated by section 25-202, R. R. S. 1943. This contention is without merit.

Section 25-202, R. R. S. 1943, in relevant part provides: "An action for the recovery of the title or possession of lands, tenements of hereditaments, or for the foreclosure of mortgages thereon, can only be brought within ten years after the cause of action shall have accrued."

In Dawson County Irr. Co. v. Stuart, 142 Neb. 428, 6 N. W. 2d 602, on rehearing, 142 Neb. 435, 8 N. W. 2d 507 (1942), plaintiff, a public body, brought an action in equity against the defendants, private landowners, to quiet title to an easement across defendants' land upon which an irrigation ditch had been constructed. Defendants denied the right of plaintiff to the easement and sought damages. The trial court quieted title to the easement in plaintiff and awarded damages to the defendants. On appeal, plaintiff claimed that the statute of limitations barred defendants' right to damages. Plaintiff contended that it had obtained a prescriptive right to the easement by adverse possession for 10 years or more. This court, on appeal, reversed the award by the trial court of damages to the defendants, finding that plaintiff had obtained prescriptive rights to the easement. On rehearing, this court vacated its first opinion and affirmed the decision of the trial court. This court found, on rehearing, that there was no evidence in the record to support plaintiff's claim of prescriptive title. This court also found that the trial court's decree, quieting title in plaintiff, was not based on a prescriptive right, but on the theory of equitable enforcement of the statutory condemnation law. We held: "Where a party having a lawful right to enter and take lands by eminent domain for public use by paying just compensation therefor does not enter in conformity to law, but the owner waives this feature and treats it as if the law had been followed, with only the question of compensation to be settled, then the law of compensation under eminent domain applies. It is just as if con-

demnation proceedings were begun and not yet completed. In such cases the action for just compensation is not barred except by adverse possession of the land taken for ten years, the requisite period to establish title by prescription."

Eminent domain is defined generally as the power of the nation or a state, or authorized public agency, to take or to authorize the taking of private property for a public use without the owner's consent, conditioned upon the payment of just compensation. 26 Am. Jur. 2d, Eminent Domain, § 1, p. 638. " 'Inverse condemnation' has been characterized as an action or eminent domain proceeding initiated by the property owner rather than the condemnor, and has been deemed to be available where private property has been actually taken for public use without formal condemnation proceedings and where it appears that there is no intention or willingness of the taker to bring such proceedings." 27 Am. Jur. 2d, Eminent Domain, § 478, p. 411.

Inverse condemnation is analogous to an action by a private landowner against another private individual or entity to recover the title to or possession of property. While the property owner cannot compel the return of the property taken, because of the eminent domain power of the condemner, he has a constitutional right, as a substitute, to just compensation for what was taken.

We hold that the applicable statute of limitations for an inverse condemnation proceeding under section 76-705, R. R. S. 1943, is the 10-year period found in section 25-202, R. R. S. 1943. Once the condemner has obtained a prescriptive right to the interest taken, it can no longer be compelled via section 76-705, R. R. S. 1943, to pay damages.

Holding as we do, it follows that the plaintiffs' cause of action was not barred by the 4-year statute of limitations, and it was error to sustain the defendant's demurrer.

The defendant's cross-appeal is found to be without merit. What we have already said disposes of it and no further discussion is necessary.

The judgment of the District Court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.