CHARLES STEUBEN AND REBECCA STEUBEN, APPELLANTS, V. CITY
OF LINCOLN, APPELLEE.

543 N.W.2d 161

Filed February 9, 1996.   No. S-94-066.

David P. Kyker and Brian R. Watkins for appellants.

William F. Austin, Lincoln City Attorney, and Joel D. Pedersen for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

Charles and Rebecca Steuben brought this action against the City of Lincoln (City) for damages to their house and personal property sustained as a result of floodwaters. At trial, the Steubens advanced two theories of recovery against the City: (1) negligence under the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 13-901 through 13-926 (Reissue 1991) and (2) inverse condemnation under Neb. Const. art. I, § 21. After a bench trial, the district court for Lancaster County held that either the several alleged acts of negligence were not actionable or the Steubens failed to show the existence of any duty that was breached by the City. Regarding the alleged inverse condemnation, the court held that there was no taking for a public purpose.

In the brief submitted to this court, the Steubens assigned as error the district court's determination that the City was not negligent under the Political Subdivisions Tort Claims Act. However, in oral argument, the Steubens' counsel conceded that their negligence claim under the act was not actionable. As a result, we will not address this assigned error. We affirm the district court's finding that the Steubens failed to prove the City effected a taking of their property. We therefore affirm.

## ASSIGNMENTS OF ERROR

The Steubens allege the district court erred in (1) failing to find that their property had been taken for public use without just compensation, (2) failing to find a taking for a public purpose, and (3) failing to find that the City had altered or changed a natural waterway.

## SCOPE OF REVIEW

In an action tried to the court, the findings of the court will not be disturbed on appeal unless clearly wrong. *RaDec Constr. v. School Dist. No. 17*, 248 Neb. 338, 535 N.W.2d 408 (1995); *VRT, Inc. v. Dutton-Lainson Co.*, 247 Neb. 845, 530 N.W.2d 619 (1995).

## BACKGROUND

In the fall of 1986, Charles and Rebecca Steuben acquired property and constructed a residence in northeast Lincoln pursuant to a building permit authorized by the City. The property, located at 7410 East Colfax Circle, was officially conveyed by the predecessors in title to Rebecca Steuben by warranty deed on December 21, 1987. The property is located on a circle drive northerly adjacent to the Regent Heights, Golf Park I, and Golf Park II residential subdivisions. The plats for these various subdivisions were approved by the Lincoln City Council. The east side of the Steubens' property is southerly adjacent to city-owned Mahoney Golf Course and Mahoney Park.

Also adjacent to the Steubens' property is a railroad fill of the Chicago and Rock Island Railroad which runs east and west along the north side of the property. This embankment, which is substantially higher than the Steubens' property, blocks the

natural drainage flowing northerly behind the property. Within the embankment were two 42-inch culverts through which surface water draining north could pass. The embankment and culverts are outside the city limits. The culverts were installed by the railroad prior to the City's approval and development of the plats, park, and golf course. The City's issuance of the Steubens' building permit occurred after the plats, park, and golf course were approved and developed.

On July 25, 1990, a 2-year rainfall fell in the northeast area of Lincoln. A 2-year rainfall means that every year there is a 50-percent chance that that storm will either occur or be exceeded. Surface water draining behind the Steubens' property backed up against the railroad fill, reaching a depth of approximately 8 feet. The water flowed onto the Steubens' property, eventually reaching a depth of approximately 6 feet against their house. The water pressure shattered the basement windows and door, and water entered the basement, destroying or damaging the carpeting, drywall, foundation, and numerous personal items located in the basement. The total damages sustained were in excess of $30,000. On the date of the flood, it was discovered that one of the culverts was clogged with debris.

The trial court held that the Steubens failed to prove their property had been taken pursuant to Neb. Const. art. I, § 21. The court reasoned that there had been no taking for a public purpose. In addition, the court found that the City had not changed any natural waterways, constructed any dams or embankments, or intentionally directed water onto the Steubens' property. The Steubens appeal.

## ANALYSIS

### STATUTE OF LIMITATIONS

The City alleges that the Steubens' inverse condemnation claim is time barred by the applicable statute of limitations. Actions commenced under article I, § 21, are subject to a 10-year statute of limitations. Neb. Rev. Stat. § 25-202 (Reissue 1989); *Krambeck v. City of Gretna*, 198 Neb. 608, 254 N.W.2d 691 (1977). An action accrues and the statutory time within which the action must be filed begins to run when the injured

party has the right to institute and maintain a lawsuit, although the party may not know the nature and extent of the damages. *Association of Commonwealth Claimants v. Moylan*, 246 Neb. 88, 517 N.W.2d 94 (1994). The Steubens filed their claim well within 10 years of any event which would have given them the right to institute and maintain a lawsuit. As a result, the Steubens are not time barred from bringing this inverse condemnation action.

## INVERSE CONDEMNATION

The Steubens allege that the City's actions and inactions constitute a taking of their property under article I, § 21. More specifically, the Steubens argue that the damage to their property was the result of the City increasing surface water drainage and runoff, by developing residential areas and irrigating Mahoney Golf Course, without modifying the existing storm water drainage systems to handle the increased drainage. Article I, § 21, states: "The property of no person shall be taken or damaged for public use without just compensation therefor."

It is undisputed that the high water level was caused by the lack of capacity of the culverts under the railroad fill. However, these culverts were not owned, installed, or maintained by the City. In fact, the culverts were not within city limits. Although the City participated in replacing the old culverts after the flood, it did so pursuant to an interlocal agreement between the City, Lancaster County, and the Lower Platte South Natural Resources District.

As a result, in order to make their inverse condemnation claim actionable, the Steubens have the burden of proving that the City's approval, development, and maintenance of the plats, park, and golf course was the proximate cause of their damages. The proximate cause of an injury is that which, in a natural and continuous sequence, without any efficient intervening cause, produces the injury, and without which the injury would not have occurred. *Moore v. State*, 245 Neb. 735, 515 N.W.2d 423 (1994).

In the instant case, no evidence was adduced that the City changed or altered a natural waterway, constructed a dam or embankment, or intentionally directed water onto the Steubens'

property. While the development of the plats and irrigation of the golf course may have increased surface water drainage, the Steubens did not offer any proof of what impact this increased surface water drainage had on the July 25, 1990, flood. There is no evidence to establish the origin of the surface water or to assume the City was the only property owner in the watershed dispelling surface water during the flood. Thus, we hold that the Steubens have failed to prove that the City's actions and inactions were the proximate cause of their damages. As a result, we conclude that the Steubens' property has not been taken by the City for a public purpose.

## CONCLUSION

We find that the Steubens failed to attribute any improper drainage of surface water to the City. Accordingly, we affirm the district court's finding that the Steubens failed to prove the City effected a taking of their property.

AFFIRMED.