775 N.W.2d 420 (2009)
278 Neb. 981
Kelly RUSSELL, appellee,
v.
KERRY, INC., and Liberty Mutual Fire Insurance, appellants.
No. S-08-146.
Supreme Court of Nebraska.
December 4, 2009.
*421 Scott A. Lautenbaugh, Omaha, and Julie M. Martin, of Nolan, Olson, Hansen & Lautenbaugh, L.L.P., for appellants.
Rolf Edward Shasteen, of Shasteen & Scholz, P.C., Lincoln, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
CONNOLLY, J.

SUMMARY
Kerry, Inc., failed to timely pay the trial judge's award of workers' compensation benefits to Kelly Russell within 30 days. Russell then sought a waiting-time penalty and attorney fees. For brevity, we shall *422 refer to the postjudgment filings as "enforcement motions" and "enforcement orders." While Russell's first enforcement motion was pending, Kerry also stopped paying Russell's ongoing temporary partial disability benefits. Russell again sought an enforcement order for the second violation. But before Russell filed her second motion, Kerry had perfected its appeal to the workers' compensation review panel from the trial judge's first enforcement order. After the trial judge denied Russell's second enforcement motion, she appealed to the review panel, which consolidated the two appeals.
Regarding Russell's appeal, the workers' compensation review panel concluded that the trial judge did not have jurisdiction over the second enforcement motion while Kerry's appeal of the first enforcement order was pending. Regarding Kerry's appeal, the review panel recalculated the trial judge's interest assessment but otherwise affirmed. In a memorandum opinion filed on June 16, 2009, in case No. A-08-146, the Nebraska Court of Appeals affirmed. We granted Russell's petition for further review.
This appeal presents two issues:
 Did the Court of Appeals correctly conclude that the trial judge did not have jurisdiction to consider Russell's second enforcement motion while Kerry's appeal from the previous enforcement order was pending?
 Did the review panel correctly recalculate the interest Kerry owed?
We conclude that Kerry's appeal of the first enforcement order did not divest the trial judge of jurisdiction to consider future violations of the award, which was final. We reverse that part of the Court of Appeals' decision, but otherwise affirm.

BACKGROUND
In 2004, Russell injured her back while lifting sacks of ingredients at Kerry. On July 12, 2006, the trial judge entered an award for benefits for temporary total disability and temporary partial disability. The order specified two different periods for which she was entitled to temporary total disability benefits; the second period was from "December 13, 2005, through July 31, 2005." In addition, because the court found she had not yet reached maximum medical improvement, it awarded her $51.85 per week in temporary partial disability, beginning August 1, 2005.
On July 20, 2006, the court, on its own motion, entered a nunc pro tunc order, correcting the order's designation of the second period of temporary total disability benefits to read "from December 13, 2004," instead of 2005. Liberty Mutual Fire Insurance (Liberty Mutual) sent a check to Russell for benefits on August 16, 2006. But Liberty Mutual should have paid benefits by August 11, using the original award dateJuly 12as the commencement of the 30-day period.
Because of the late payment, on August 18, 2006, Russell filed an enforcement motion for a waiting-time penalty and attorney fees. In November, the trial judge sustained that motion. He concluded that absent an appeal, an award is final on the date it is entered, that Nebraska's statutes mandate payment within 30 days of a final workers' compensation award, and that the nunc pro tunc order did not change the date of the final award. Besides assessing a waiting-time penalty and attorney fees, the trial judge determined that Nebraska's statutes required an assessment of interest when a court awards attorney fees to a claimant.
On December 5, 2006, Kerry and Liberty Mutual (collectively Kerry) appealed the enforcement order to the review panel. *423 Two days later, Russell filed her second enforcement motion. She alleged that Kerry had stopped paying weekly benefits for her temporary partial disability on October 24.
At the hearing, Russell argued that she was not required to comply with Workers' Comp. Ct. R. of Proc. 3(B)(4) (2002), which at the time provided that parties filing motions must show consultation with the nonmoving party.[1] She argued that the rule did not apply to Kerry's failure to comply with an unappealed award. But in January 2007, the trial judge overruled Russell's motion because she had not shown reasonable efforts to resolve the issues and consult with Kerry. Russell appealed that decision to the review panel. The review panel consolidated the appeals.
In deciding Russell's appeal from the second enforcement order, the review panel concluded that the trial judge did not have jurisdiction to decide that motion while Kerry's appeal from the first enforcement order was pending. Accordingly, it concluded that the order was void. In deciding Kerry's appeal, the review panel affirmed the trial judge's order that the nunc pro tunc order did not alter the final date of the original award for commencing the 30-day period for paying benefits. It further affirmed the trial judge's award of interest but recalculated the interest owed. Kerry appealed, and Russell cross-appealed. In a memorandum opinion, the Court of Appeals affirmed in all respects.

ASSIGNMENTS OF ERROR
Russell assigns that the Court of Appeals erred in affirming the review panel's conclusions that (1) the trial judge's January 2007 order was void for lack of jurisdiction and (2) the trial judge incorrectly calculated the interest assessment.

STANDARD OF REVIEW
A jurisdictional issue that does not involve a factual dispute presents a question of law.[2] Statutory interpretation presents a question of law.[3] We independently decide questions of law.[4]

ANALYSIS

JURISDICTION
The Court of Appeals affirmed the review panel's conclusion that the trial judge was divested of jurisdiction to hear Russell's second enforcement order because Kerry had perfected its appeal of the trial judge's first enforcement order. It relied on cases in which we have held that a district court is divested of jurisdiction when a party perfects an appeal from the court's final judgment. We do not believe those cases apply.
We have held that after a party perfects an appeal to an appellate court, the lower courts are divested of subject matter jurisdiction over that case.[5] But this rule is applied when a party appeals the trial court's final judgment. Here, Kerry was not appealing from the award. It was appealing from a separate postjudgment proceeding to enforce the award. Neither party appealed from the trial judge's determination *424 that Russell was entitled to benefits for temporary total disability and temporary partial disability. The award was therefore final 30 days after the trial judge entered it.[6]
Neb.Rev.Stat. § 48-125 (Cum. Supp. 2008) clearly authorizes the compensation court to enforce an award by assessing a waiting-time penalty, attorney fees, and interest for all delinquent payments made 30 days after the award becomes final. The issues raised by Russell's first enforcement motion and Kerry's appeal involved only (1) the trial judge's determination that Kerry had not timely paid benefits by August 11, 2006, and (2) the judge's assessment of interest. That appeal obviously divested the trial judge of jurisdiction to reconsider the issues decided in that proceeding. But an employer's appeal from a postjudgment proceeding to enforce a workers' compensation award does not disturb the finality of an award imposing a continuing obligation on the employer to pay benefits. And Kerry's appeal of the first violation was entirely independent of its second violation of the award.
We believe these enforcement proceedings are akin to postjudgment contempt proceedings in other types of civil cases. And courts generally hold that an appeal of a contempt order does not divest a trial court of jurisdiction to consider a separate act of contempt.[7] To conclude otherwise would give the offending party carte blanche to decide whether to comply with the court's order pending its appeal. We conclude that the trial judge had continuing jurisdiction to enforce Kerry's obligation to pay benefits pending its appeal of the judge's previous order imposing a penalty and costs for a delayed payment.[8]

INTEREST ASSESSMENT
The Court of Appeals affirmed the review panel's conclusion that the trial judge incorrectly calculated the interest Kerry owed. The trial judge determined that under Neb.Rev.Stat. § 48-119 (Reissue 2004) and § 48-125, when a judge awards a claimant attorney fees, he or she is also entitled to interest on the total compensation owed when the employer paid the award, starting from the date that the compensation was first payable. But the review panel stated that interest does not accrue on the entire balance for the entire period. Instead, it concluded that the employer owed interest on each week of benefits as they became due until it paid the award.
In her petition for further review, Russell does not dispute the review panel's method for calculating interest from the date each weekly installment of benefits became due until the date of payment. Instead, she contends that the trial judge's ruling was correct because the statutes show the Legislature intended to make the employer's delinquent payments costly to encourage the prompt payment of benefits. We view the question presented as whether the statutes require a trial judge to assess interest on the full amount of benefits owed from the first date that compensation was payable or to assess interest from the time each installment of benefits became due to the date of payment.
*425 Absent a statutory indication to the contrary, we will give words in a statute their ordinary meaning.[9] To the extent an appeal calls for statutory interpretation or presents questions of law, we must reach a conclusion independent of the lower court's determination.[10] A court must place on a statute a reasonable construction which best achieves the statute's purpose, rather than a construction which would defeat that purpose.[11]
Section 48-125(3), in relevant part, provides:
When an attorney's fee is allowed pursuant to this section, there shall further be assessed against the employer an amount of interest on the final award obtained, computed from the date compensation was payable, as provided in section 48-119, until the date payment is made by the employer, at a rate equal to the rate of interest allowed per annum under section 45-104.01, as such rate may from time to time be adjusted by the Legislature. Interest shall apply only to those weekly compensation benefits awarded which have accrued as of the date payment is made by the employer.
Section 48-119 provides: "No compensation shall be allowed for the first seven calendar days of disability . . . except that if such disability continues for six weeks or longer, compensation shall be computed from the date disability began."
We do not view these statutes to specify whether a court can impose interest on the full amount of benefits owed from the first day that any compensation was payable or from the date that the benefits were due. But contrary to the trial judge's conclusion, the reference to § 48-119 in § 48-125(3) simply clarifies the start date for calculating interestnot that interest must be assessed on the full amount of benefits owed from the first day of compensation. And we reject Russell's argument that the Legislature intended this result to make delayed payments costly.
The penalty for a delayed payment is imposed under § 48-125(1), which provides that "[f]ifty percent shall be added for waiting time for all delinquent payments. . . ." But it does not follow that every allowable cost under § 48-125 was intended as a penalty to the employer. The principal purpose of the Nebraska Workers' Compensation Act is to provide an injured worker with prompt relief from the adverse economic effects caused by a work-related injury or occupational disease.[12] Courts have reasoned that preaward interest is not a penalty but a means of fully compensating the claimant for not having use of the money that the employer owed.[13] Consistent with that purpose, courts have held that interest may be assessed on each installment of compensation benefits from the date it became due.[14]
*426 We agree with these decisions. Absent a clear indication that the Legislature intended an employer to pay interest on the full amount of benefits as a penalty, we believe that interest is assessed to fully compensate the claimant for not having the use of money to which he or she is entitled. Permitting interest on the full amount of benefits from a date when they were not yet owed is inconsistent with that purpose. We conclude that the review panel's calculation of interest from the date each installment became due was correct.

CONCLUSION
We conclude that the Court of Appeals incorrectly determined that the workers' compensation trial judge did not have jurisdiction to entertain Russell's second enforcement motion while Kerry's appeal from the judge's first enforcement order was pending before the review panel. We reverse that part of the Court of Appeals' decision. But we affirm the Court of Appeals' determination that under § 48-125(3), the review panel correctly assessed interest on Russell's final award from the date that each installment of benefits became due to the date of Kerry's payment. We remand the cause to the Court of Appeals with instructions to remand the cause to the workers' compensation review panel to address Russell's appeal from the trial court's second enforcement order.
AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.
NOTES
[1] See Workers' Comp. Ct. R. of Proc. 3(D)(4) (2009) (current rule).
[2] See Miller v. Regional West Med. Ctr., 278 Neb. 676, 772 N.W.2d 872 (2009).
[3] See Weber v. Gas 'N Shop, 278 Neb. 49, 767 N.W.2d 746 (2009).
[4] See, Miller, supra note 2; Weber, supra note 3.
[5] Billups v. Scott, 253 Neb. 293, 571 N.W.2d 607 (1997).
[6] See Roth v. Sarpy Cty. Highway Dept., 253 Neb. 703, 572 N.W.2d 786 (1998).
[7] Hoffman, Etc. v. Beer Drivers & Salesmen's, Etc., 536 F.2d 1268 (9th Cir.1976); Yalem v. Yalem, 800 S.W.2d 811 (Mo.App. 1990); Town of Ruston v. Wingard, 70 Wash.2d 388, 423 P.2d 543 (1967).
[8] Compare Foote v. O'Neill Packing, 262 Neb. 467, 632 N.W.2d 313 (2001).
[9] In re Estate of Chrisp, 276 Neb. 966, 759 N.W.2d 87 (2009).
[10] See In re Interest of Dustin S., 276 Neb. 635, 756 N.W.2d 277 (2008).
[11] Concrete Indus. v. Nebraska Dept. of Rev., 277 Neb. 897, 766 N.W.2d 103 (2009).
[12] Risor v. Nebraska Boiler, 274 Neb. 906, 744 N.W.2d 693 (2008).
[13] See, McLaughlin v. Hill City Oil Co., 702 So.2d 786 (La.App.1997), citing Sharbono v. Steve Lang & Son Loggers, 696 So.2d 1382 (La. 1997); Drake v. Norge Division, Borg Warner, 367 Mich. 464, 116 N.W.2d 842 (1962); Frymiare v. W.C.A.B. (D. Pileggi & Sons), 105 Pa.Cmwlth. 325, 524 A.2d 1016 (1987).
[14] See, e.g., Strachan Shipping Company v. Wedemeyer, 452 F.2d 1225 (5th Cir.1971); McLaughlin, supra note 13; Petrulo v. M. O'Herron Company, 122 Pa.Super. 163, 186 A. 397 (1936).