Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/06/2017 08:12 AM CDT

Leo W. Hike, Jr., and Joanna K. Hike,
appellants, v. State of Nebraska
Department of Roads, appellee.

___ N.W.2d ___

Filed July 14, 2017.    No. S-16-593.

1. **Summary Judgment.** Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

2. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.

3. **Judgments: Estoppel: Appeal and Error.** An appellate court reviews a court's application of judicial estoppel to the facts of a case for abuse of discretion and reviews its underlying factual findings for clear error.

4. **Limitations of Actions.** The determination of which statute of limitations applies is a question of law.

5. **Limitations of Actions: Appeal and Error.** The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong.

6. **Complaints.** Whether a complaint states a cause of action is a question of law.

7. **Judgments: Appeal and Error.** Appellate courts independently review questions of law decided by a lower court.

8. **Equity: Estoppel.** Judicial estoppel is an equitable doctrine that a court invokes at its discretion to protect the integrity of the judicial process.

9. **Estoppel.** The doctrine of judicial estoppel protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.

10. **Estoppel: Intent.** Fundamentally, the intent behind the doctrine of judicial estoppel is to prevent parties from gaining an advantage by taking one position in a proceeding and then switching to a different position when convenient in a later proceeding.

11. **Constitutional Law: Eminent Domain.** The eminent domain provision of Neb. Const. art. I, § 21, prohibits the State from taking or damaging property for public use without providing just compensation therefor.

12. **Eminent Domain: Words and Phrases.** Inverse condemnation is a shorthand description for a landowner suit to recover just compensation for a governmental taking of the landowner's property without the benefit of condemnation proceedings.

13. **Limitations of Actions: Legislature: Intent.** A special statute of limitations controls and takes precedence over a general statute of limitations because the special statute is a specific expression of legislative will concerning a particular subject matter.

14. **Constitutional Law: Limitations of Actions.** Neb. Const. art. I, § 21, is enforced procedurally through the eminent domain statutes, Neb. Rev. Stat. § 76-701 et seq. (Reissue 2009 & Cum. Supp. 2016), which do not provide a special statute of limitations.

15. **Limitations of Actions.** Neb. Rev. Stat. § 25-202 (Reissue 2016) is not a special statute of limitations, but only a general statute of limitations.

16. **Limitations of Actions: Legislature: Intent.** While Neb. Rev. Stat. § 25-218 (Reissue 2016) is not a special statute of limitations for any specific type of claim, when the State is a defendant to a claim, it is a specific expression of the Legislature's will regarding the timeframe to bring such a claim.

17. **Eminent Domain: Statutes.** Neb. Rev. Stat. § 25-218 (Reissue 2016) is the applicable statute of limitations for claims of inverse condemnation against the State because § 25-218 is more specific on the subject than is Neb. Rev. Stat. § 25-202 (Reissue 2016).

18. **Actions: Words and Phrases.** Bringing an action means to sue or institute legal proceedings.

19. **Appeal and Error.** Errors argued but not assigned will not be considered on appeal.

20. ____. The purpose of an appellant's reply brief is to respond to the arguments the appellee has advanced against the errors assigned in the appellant's initial brief.

Appeal from the District Court for Sarpy County: William B. Zastera, Judge. Affirmed.

Jason M. Bruno and Jared C. Olson, of Sherrets, Bruno & Vogt, L.L.C., for appellants.

Douglas J. Peterson, Attorney General, and Barry K. Waid for appellee.

Heavican, C.J., Wright, Miller-Lerman, Stacy, Kelch, and Funke, JJ.

Funke, J.

## I. NATURE OF CASE

This is an appeal from an order of the district court for Sarpy County, Nebraska, granting summary judgment for the State of Nebraska Department of Roads on an inverse condemnation claim filed by Leo W. Hike, Jr., and Joanna K. Hike. The court ruled that the action was barred by the 2-year statute of limitations set forth in Neb. Rev. Stat. § 25-218 (Reissue 2016). We affirm.

## II. FACTS

This is the second case between the Hikes and the State. In the first case, *Hike v. State* (*Hike I*),[1] the Hikes filed a petition of appeal in the district court, seeking compensation after the State exercised its power of eminent domain in 2008 to acquire 1.05 acres of the Hikes' property for an expansion of U.S. Highway 75. The parties disagreed about the value of the property taken, and the matter proceeded to a jury trial. On appeal, we affirmed the jury verdict rendered in the case.

In August 2011, before the trial in *Hike I*, the State's independent contractor began construction on the property taken from the Hikes. The contractor used heavy machinery to make a 48-foot-deep roadway cut approximately 61 feet from the

---

[1] *Hike v. State*, 288 Neb. 60, 846 N.W.2d 205 (2014).

Hikes' home. That same month, Leo noticed damage to the brick veneer of the Hikes' residence.

The Hikes retained two experts to determine the cause and amount of the damage to their home. Both experts attributed the damage, estimated at $51,829, to the construction on Highway 75. After the Hikes disclosed the evidence of structural damage and that they intended to call their expert witnesses at trial, the State filed a motion in limine to exclude the evidence of damage to the residence. The court sustained the motion to preclude the Hikes from offering any evidence concerning the structural damage.

After the jury verdict, the Hikes timely appealed, alleging, among other things, that the district court erred by not allowing them to offer evidence of the structural damage. On May 9, 2014, in *Hike I*, we affirmed the district court's decision to exclude the evidence because it was "not the proximate result of the taking, but, rather, was caused by conduct that occurred after the taking" by the State.[2]

On April 17, 2015, the Hikes filed the present action claiming the same structural damage that they attempted to offer evidence of in *Hike I*. On April 19, 2016, the State filed a motion for summary judgment alleging that the Hikes' claim was barred by the 2-year statute of limitations in § 25-218. After a hearing, the court sustained the State's motion and dismissed the Hikes' complaint, finding that the claim was barred by § 25-218. The Hikes appealed.

## III. ASSIGNMENTS OF ERROR

The Hikes assign, restated and reordered, that the court erred in (1) failing to judicially estop the State from raising the statute of limitations as a defense, (2) applying § 25-218 as the relevant statute of limitations, and (3) finding that their claim was time barred despite being raised in *Hike I*.

---

[2] *Id.* at 75, 846 N.W.2d at 219.

## IV. STANDARD OF REVIEW

[1,2] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[3] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[4]

[3] An appellate court reviews a court's application of judicial estoppel to the facts of a case for abuse of discretion and reviews its underlying factual findings for clear error.[5]

[4-6] The determination of which statute of limitations applies is a question of law.[6] The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong.[7] Whether a complaint states a cause of action is a question of law.[8]

[7] Appellate courts independently review questions of law decided by a lower court.[9]

---

[3] *Strode v. City of Ashland*, 295 Neb. 44, 886 N.W.2d 293 (2016).

[4] *Id.*

[5] *deNourie & Yost Homes v. Frost*, 295 Neb. 912, 893 N.W.2d 669 (2017).

[6] *Lindner v. Kindig*, 293 Neb. 661, 881 N.W.2d 579 (2016).

[7] *Strode, supra* note 3.

[8] See *Broad v. Randy Bauer Ins. Agency*, 275 Neb. 788, 749 N.W.2d 478 (2008). See, also, *Pinnacle Bank v. Darland Constr. Co.*, 270 Neb. 978, 709 N.W.2d 635 (2006) (whether complaint states claim is reviewed de novo).

[9] *Douglas County v. Archie*, 295 Neb. 674, 891 N.W.2d 93 (2017).

## V. ANALYSIS

### 1. State Is Not Judicially Estopped From Asserting Statute of Limitations Defense

The Hikes argue that the State is judicially estopped from asserting a statute of limitations defense, because in *Hike I*, the State successfully argued that the present claim had to be brought as a separate action. The State asserts that its argument in *Hike I*, that the Hikes' evidence of structural damage was inadmissible because it was neither proximately caused by the condemnation nor relevant to the elements of a condemnation action, is not inconsistent with its current statute of limitations defense.

[8-10] Judicial estoppel is an equitable doctrine that a court invokes at its discretion to protect the integrity of the judicial process.[10] The doctrine of judicial estoppel protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.[11] Fundamentally, the intent behind the doctrine of judicial estoppel is to prevent parties from gaining an advantage by taking one position in a proceeding and then switching to a different position when convenient in a later proceeding.[12] We have held that bad faith or an actual intent to mislead on the part of the party asserting inconsistent positions must be demonstrated before the judicial estoppel doctrine may be invoked.[13]

[11] In *Hike I*, the Hikes sought to recover compensation for the State's acquisition of 1.05 acres of their property by

---

[10] *deNourie & Yost Homes, supra* note 5.

[11] *Id.*

[12] *Id.*

[13] *Cleaver-Brooks, Inc. v. Twin City Fire Ins. Co.*, 291 Neb. 278, 865 N.W.2d 105 (2015). See, also, 28 Am. Jur. 2d *Estoppel and Waiver* § 68 (2011).

eminent domain. "Eminent domain is '"[t]he inherent power of a governmental entity to take privately owned property, esp[ecially] land, and convert it to public use, subject to reasonable compensation for the taking."'"[14] The eminent domain provision of Neb. Const. art. I, § 21, prohibits the State from taking or damaging property for public use without providing just compensation therefor.[15] In a condemnation action, there are two elements of damage: (1) market value of the land taken or appropriated and (2) diminution in value of the land remaining, less special benefits.[16]

While the Hikes attempted to offer evidence of the structural damage to their home at the trial on their condemnation action, they did not seek leave to amend their complaint to assert a separate claim of inverse condemnation and, instead, proceeded under their initial complaint. As a result, the trial court excluded the evidence of the structural damage.

On appeal, we held that although the Hikes may have had a remedy with respect to any such structural damage, it was not compensable in the condemnation proceeding because the damage occurred after the taking by eminent domain and the damage was not the proximate result of that taking.[17]

In this appeal, the Hikes argue that the State has taken a position inconsistent with the one they successfully and unequivocally asserted in their prior proceeding. Specifically, the Hikes argue that in *Hike I*, the State asserted that the Hikes should have properly brought their claim of structural damage as a separate action and then, in this appeal, the State

---

[14] *Hike I, supra* note 1, 288 Neb. at 66, 846 N.W.2d at 213, quoting *Pinnacle Enters. v. City of Papillion*, 286 Neb. 322, 836 N.W.2d 588 (2013), quoting Black's Law Dictionary 601 (9th ed. 2009).

[15] See *Henderson v. City of Columbus*, 285 Neb. 482, 827 N.W.2d 486 (2013).

[16] *Moyer v. Nebraska City Airport Auth.*, 265 Neb. 201, 665 N.W.2d 855 (2003).

[17] *Hike I, supra* note 1.

asserted that the separate action was time barred. However, the Hikes' contention is without merit.

In making this argument, the Hikes ignore the State's legal contentions that directly addressed why the evidence of structural damage was inadmissible. Specifically, the State contended that (1) the evidence was not relevant to the elements of the condemnation proceeding, (2) the evidence could not be shown to have been proximately caused by the condemnation, (3) the presentation of the evidence would unnecessarily delay the trial, and (4) the evidence would be prejudicial to the determination of damages for the condemnation. The district court's ruling merely determined the admissibility of the evidence in *Hike I*. It was unnecessary for the court to consider the Hikes' ability to bring their claim as a separate action at that time or in the future, nor did the court make such a ruling.

Further, the State's assertion that the Hikes' evidence of structural damage was inadmissible was not inconsistent with its current statute of limitations defense. When the court entered its order on the motion in limine on July 16, 2012, the Hikes still had more than 1 year to bring their inverse condemnation claim. Instead of timely filing an action to assert their inverse condemnation claim, the Hikes chose to pursue a remedy for the structural damage solely through an appeal. The Hikes' choice of how to proceed was not mandated by the State's assertion or the trial court's ruling.

The Hikes point to our holding in *Sports Courts of Omaha v. Meginnis*[18] to argue that they were precluded from filing a separate action while their appeal from the district court's decision in *Hike I* was pending. In *Sports Courts of Omaha*, we recognized that Nebraska case law generally holds that once an appeal has been perfected, the trial court is divested of its jurisdiction to hear a case involving the same matter

---

[18] *Sports Courts of Omaha v. Meginnis*, 242 Neb. 768, 497 N.W.2d 38 (1993).

between the same parties.[19] However, this rule is not applicable in all circumstances, and *Sports Courts of Omaha* illustrated one such exception.[20]

In *Sports Courts of Omaha*, the plaintiff sued two defendants in the Douglas County District Court, seeking damages on a breach of a promissory note. The action was dismissed for want of prosecution, and the plaintiff appealed. While the matter was on appeal, the plaintiff sued one of the two defendants in the Lancaster County District Court in an action essentially identical to the Douglas County case. The Lancaster County District Court dismissed the action on several grounds, including that it lacked subject matter jurisdiction because of the pending appeal from Douglas County.

On appeal, we held that because the plaintiff's appeal before us involved an action maintained in a court distinct from the site of the previous action, our general rule of divested jurisdiction was inapplicable to preclude the district court's jurisdiction over the plaintiff's Lancaster County action.[21] Therefore, we determined that the Lancaster County District Court had subject matter jurisdiction to consider the plaintiff's suit against the one defendant and that the court erroneously concluded that it lacked jurisdiction to dispose of the case.[22] The Hikes' reliance on *Sports Courts of Omaha* is misplaced.

---

[19] See *id.* Accord *In re Interest of Becka P. et al.*, 296 Neb 365, 894 N.W.2d 247 (2017).

[20] See *Sports Courts of Omaha, supra* note 18. See, also, *Spady v. Spady*, 284 Neb. 885, 824 N.W.2d 366 (2012) (district court had jurisdiction to award temporary alimony while appeal was pending); *Russell v. Kerry, Inc.*, 278 Neb. 981, 775 N.W.2d 420 (2009) (trial judge of Workers' Compensation Court has continuing jurisdiction to enforce employer's obligation to pay benefits pending employer's appeal of previous order imposing penalty and costs for delayed payment).

[21] *Id.*

[22] *Id.*

In this matter, the Hikes had the option to file a separate action after the trial court ruled on the State's motion in limine, but they chose to wait and file an appeal instead. Further, the filing of the appeal neither precluded the Hikes from bringing a separate action for inverse condemnation nor divested the district court of subject matter jurisdiction to hear such an action.

Finally, the Hikes assert that judicial estoppel should apply because, on appeal in *Hike I*, the State maintained its contention that the evidence of structural damage should have been brought as a separate claim after the statute of limitations had run. However, our review on appeal considered only the district court's ruling in limine when it was made. Accordingly, it is irrelevant that the statute of limitations had run when the State made its argument before this court, because its argument concerned the facts in existence at the time of the district court's ruling in limine. Further, our decision rested only on the admissibility of the evidence. As a result, the existence of additional remedies available to the Hikes for their structural damage was beyond our consideration.

We conclude that the State's contentions in *Hike I* do not support the application of judicial estoppel in this appeal.

## 2. Hikes' Claim Is Barred by Statute of Limitations

### (a) Inverse Condemnation Actions Against State Are Subject to 2-Year Statute of Limitations

[12] The Hikes argue that the district court incorrectly applied § 25-218, instead of Neb. Rev. Stat. § 25-202 (Reissue 2016), to determine the applicable statute of limitations for their inverse condemnation claim. Inverse condemnation is a shorthand description for a landowner suit to recover just compensation for a governmental taking of the landowner's property without the benefit of condemnation proceedings.[23]

---

[23] *Village of Memphis v. Frahm*, 287 Neb. 427, 843 N.W.2d 608 (2014).

The relevant portion of § 25-218 reads as follows: "Every claim and demand against the state shall be forever barred unless action is brought thereon within two years after the claim arose."

The relevant portion of § 25-202 reads as follows: "An action for the recovery of the title or possession of lands, tenements, or hereditaments, or for the foreclosure of mortgages or the foreclosure of deeds of trust as mortgages thereon, can only be brought within ten years after the cause of action accrues."

First, the Hikes contend that the application of § 25-218 in *Bordy v. State*[24] and *Czarnick v. Loup River P. P. Dist.*[25] has been superseded by the application of § 25-202 in *Krambeck v. City of Gretna*[26] and *Steuben v. City of Lincoln*[27] to inverse condemnation claims. Second, they assert that § 25-202 should apply, because it is more specific to claims of inverse condemnation than § 25-218.

The State contends that *Krambeck* and *Stueben* are distinguishable from this current appeal, because those cases did not involve claims against the State. It also contends that § 25-218 is more specific than § 25-202, because the inverse condemnation claim herein is against the State.

In *Bordy* and *Cznarick*, we held that under § 25-218, a suit against the State for the taking or damaging of private property for public use must be commenced within 2 years from the time the taking or damaging of the property occurred.[28] In *Krambeck* and *Stueben*, we held that actions commenced under article I, § 21, are subject to a 10-year statute of limitations under § 25-202.[29]

---

[24] *Bordy v. State*, 142 Neb. 714, 7 N.W.2d 632 (1943).

[25] *Czarnick v. Loup River P. P. Dist.*, 190 Neb. 521, 209 N.W.2d 595 (1973).

[26] *Krambeck v. City of Gretna*, 198 Neb. 608, 254 N.W.2d 691 (1977).

[27] *Steuben v. City of Lincoln*, 249 Neb. 270, 543 N.W.2d 161 (1996).

[28] See *Bordy, supra* note 24, and *Czarnick, supra* note 25.

[29] See *Krambeck, supra* note 26, and *Steuben, supra* note 27.

All four cases cited by the parties concerned the applicable statute of limitations for inverse condemnation actions. While *Krambeck* and *Stueben* are more recent, the State is correct in its contention that they are factually distinguishable from *Bordy*, *Czarnick*, and the instant case. The inverse condemnation actions in *Krambeck* and *Stueben* were instituted against a local power district and a city, respectively, not the State. Because the actions in *Krambeck* and *Stueben* were not against the State, § 25-218 did not apply by its express terms and, as a result, we did not address that statute.

Nevertheless, we recognize that in *Bordy* and *Czarnick*, we did not expressly analyze whether § 25-202 should apply over § 25-218. Accordingly, we consider the parties' arguments concerning the applicable statute of limitations here.

[13] In determining which statute of limitations applies in a particular case, we have established the principle that a special statute of limitations controls and takes precedence over a general statute of limitations because the special statute is a specific expression of legislative will concerning a particular subject matter.[30]

[14] Though article I, § 21, is a self-executing provision of the Constitution, which authorizes a landowner to bring an action in inverse condemnation,[31] it is enforced procedurally through the eminent domain statutes.[32] However, in *Krambeck*, we recognized that our eminent domain statutes do not provide a special statute of limitations, so we explained that "'[i]n the absence of special statutory provisions regulating the time within which an owner must pursue his remedy, the time

---

[30] See *Wendeln v. Beatrice Manor*, 271 Neb. 373, 712 N.W.2d 226 (2006). See, also, *Schaffer v. Cass County*, 290 Neb. 892, 863 N.W.2d 143 (2015) (where general and special provisions of statutes are in conflict, general law yields to special provision or more specific statute).

[31] *Whitehead Oil Co. v. City of Lincoln*, 245 Neb. 680, 515 N.W.2d 401 (1994), *disapproved on other grounds, Scofield v. State*, 276 Neb. 215, 753 N.W.2d 345 (2008).

[32] See Neb. Rev. Stat. § 76-701 et seq. (Reissue 2009 & Cum. Supp. 2016).

prescribed by the general statutes of limitations will ordinarily apply . . . .'"[33]

Accordingly, we considered which of two general statutes of limitations should govern inverse condemnation actions.[34] While § 25-202 provides that an action for the recovery of the title or possession of lands can only be brought within 10 years after the cause of action accrues, § 25-206 provides, in part, that "[a]n action upon a contract, not in writing, expressed or implied, or an action upon a liability created by statute, other than a forfeiture or penalty, can only be brought within four years."

We determined that § 25-206, which is explicitly limited in its application to "liabilities created by statute," could not apply to eminent domain actions, because the City's liability was not a statutorily created one, but a constitutional one pursuant to article I, § 21.[35]

We then explained that inverse condemnation actions are "analogous to an action by a private landowner against another private individual or entity to recover the title to or possession of property," but, because the power of eminent domain precludes the property owner from compelling the return of the property taken, the owner is entitled to just compensation as a substitute.[36] Accordingly, an action seeking damages for inverse condemnation is limited only by the 10-year time period required to establish title by adverse possession.[37]

[15,16] Consequently, § 25-202 is not a special statute of limitations, but only a general statute of limitations. While § 25-218 is also not a special statute of limitations for any specific type of claim, when the State is a defendant to a

---

[33] *Krambeck, supra* note 26, 198 Neb. at 611, 254 N.W.2d at 693, quoting 30 C.J.S. *Eminent Domain* § 415 (1965).

[34] See § 25-202 and Neb. Rev. Stat. § 25-206 (Reissue 2016).

[35] *Krambeck, supra* note 26, 198 Neb. at 612, 254 N.W.2d at 694.

[36] *Id.* at 614, 254 N.W.2d at 695.

[37] *Id.*

claim, it is a specific expression of the Legislature's will regarding the timeframe to bring such a claim.

[17] As a result of our analysis, we hold that the 2-year statute of limitations in § 25-218 is the applicable statute of limitations for claims of inverse condemnation against the State because § 25-218 is more specific on the subject than is § 25-202.

#### (b) Hikes Did Not Bring Their Claim Within 2 Years

The Hikes argue that even if § 25-218 is the applicable statute of limitations, they brought their claim within 2 years of its accrual by asserting it in *Hike I*. The Hikes' argument, however, is based on an incorrect understanding of what it means to bring an action.

[18] Bringing an action means to sue or institute legal proceedings.[38] Here, where the Hikes had already had an action pending under a condemnation claim, it would have meant seeking permission of the trial court to amend their complaint to add a claim of inverse condemnation. Instead, as mentioned above, the Hikes attempted to introduce evidence of structural damage to recover as part of the condemnation proceeding.

The Hikes did not bring their inverse condemnation action, by asserting the claim in a complaint, until April 17, 2015. Further, the district court's finding that the Hikes' cause of action accrued in August 2011, more than 3 years before the Hikes brought their claim, was not clearly wrong. Therefore, the Hikes claim of inverse condemnation is barred by the 2-year statute of limitations.

#### (c) Hikes' Constitutional Argument Was Not Properly Raised

In their reply brief, the Hikes contend that they have an unequivocal right to compensation for the damage caused by

---

[38] Black's Law Dictionary 231 (10th ed. 2014).

the State under article I, § 21, because their rights thereunder are self-executing. However, the Hikes did not assign such as error in their initial brief.

[19,20] As we explained in *Hike I*, errors argued but not assigned will not be considered on appeal. Further, even if the argument could be construed as fitting into one of the Hikes' assigned errors, the purpose of an appellant's reply brief is to respond to the arguments the appellee has advanced against the errors assigned in the appellant's initial brief.[39] The Hikes' attempt to make the argument for the first time in their reply brief is untimely.[40]

## VI. CONCLUSION

We conclude that the 2-year statute of limitations period set forth in § 25-218 governs inverse condemnation actions against the State. We determine that the district court did not err when it granted summary judgment for the State based on its determination that the Hikes' claim is barred by the 2-year statute of limitations.

AFFIRMED.

CASSEL, J., participating on briefs.

---

[39] *Linscott v. Shasteen*, 288 Neb. 276, 847 N.W.2d 283 (2014).

[40] See *id.*