IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STANKO V. DOMINA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

RUDY STANKO, APPELLANT,

V.

DAVID DOMINA AND DOMINA LAW GROUP, P.C., L.L.O., APPELLEES.

Filed April 19, 2022.    No. A-21-732.

Appeal from the District Court for Sheridan County: TRAVIS P. O'GORMAN, Judge. Affirmed.

Rudy Stanko, pro se.

Joel D. Nelson and Joel Bacon, of Keating, O'Gara, Nedved & Peter, P.C., L.L.O., for appellees.

MOORE, RIEDMANN, and ARTERBURN, Judges.

MOORE, Judge.

### INTRODUCTION

Rudy Stanko appeals from an order of the district court for Sheridan County granting a motion for judgment on the pleadings made by David Domina and Domina Law Group, P.C., L.L.O. (referred to collectively here as "Domina"). Domina had previously represented Stanko in a criminal case and now represents a party adverse to Stanko in a commercial litigation matter. In the present case against Domina, Stanko alleged that a conflict of interest existed, and thus Domina should be enjoined from representing his current client in the commercial litigation. Based on the reasons that follow, we affirm.

- 1 -

STATEMENT OF FACTS

On April 27, 2021, Stanko and a corporation he controls filed an amended complaint against Kyle Schwarting in the commercial litigation. Stanko's claims in that case relate to commercial dealings between Schwarting and Stanko in 2020 and 2021. These dealings involved a farm and feedlot owned by Stanko and his corporation, which were sold to Schwarting in May 2020. Also involved was a separate agricultural property that Stanko and his corporation had leased to Schwarting in the spring of 2020. Stanko's amended complaint alleged three claims: Schwarting breached an oral agreement with Stanko under which Stanko was to be permitted to remove feed from the feedlot to feed Stanko's cattle; Schwarting improperly deducted rent from the lease on the separate agricultural property; and Schwarting took Stanko's wheel loader and broke the machine. Our record does not include Stanko's original complaint in the commercial litigation.

*Alleged Conflict of Interest.*

Schwarting retained Domina to represent him in the commercial litigation. The present appeal arises out of Stanko's pro se complaint against Domina, filed on May 3, 2021. In his complaint, Stanko alleged that Domina had a conflict of interest in the commercial litigation, as Domina had represented Stanko in a 2006 federal criminal case. Our record reflects that on February 24, 2006, Stanko was indicted on charges of possession and transportation of firearms and ammunition by a prohibited person. See *United States v. Stanko*, 491 F.3d 408 (8th Cir. 2007).

In the conflict of interest case, Stanko claimed that Domina had learned about Stanko's ranching and feedlot business during the preparation of his criminal case, and that the information regarding Stanko's business was a material issue in his present commercial suit against Schwarting. Stanko also alleged that Domina was retaliating against him because Domina disagreed with Stanko's political beliefs. Due to Domina's duty to him as a former client, Stanko requested that the district court enjoin Domina from representing Schwarting in the commercial litigation. Stanko also requested an award of compensatory and punitive damages.

On May 4, 2021, Domina, on behalf of Schwarting, filed an answer and counterclaims to Stanko's complaint in the commercial litigation. On May 10, Stanko filed an affidavit in the conflict of interest case in support of his "motion to disqualify" Domina, in which he reasserted the allegations and arguments in his request for injunctive relief. Our record does not contain any motion to disqualify Domina in the commercial litigation.

*Stanko's Request for Injunctive Relief.*

A hearing on Stanko's request for temporary injunctive relief in the conflict of interest case was held on May 11, 2021. Domina presented various exhibits to the district court regarding Stanko's criminal case, including an affidavit by Domina, the indictment, the jury instructions, and the verdict. Domina also presented a representation agreement in the criminal case, which notes that Domina's only "focus, concern, and responsibility will be the trial process itself," and Domina's motion to withdraw as Stanko's counsel following the final order in the criminal case. Both the representation agreement and the motion to withdraw were signed by Stanko.

At the hearing, Stanko argued that Domina still had access to his case files, and therefore Domina was privy to the intricacies of Stanko's business operations. Stanko reiterated that he was requesting "an injunction against Domina representing other parties since [Domina] was

[Stanko's] attorney." Domina informed the court that his firm had not represented Stanko in any capacity since Stanko's criminal case over 14 years ago and that it was unlikely the firm had retained Stanko's case file, due to an office policy to destroy unclaimed files after 5 years. The district court took the matter under advisement.

On May 24, 2021, the district court entered an order denying Stanko's request for temporary injunctive relief. The court briefly summarized Stanko's prior criminal case and the present commercial litigation and concluded that the two cases had "nothing to do" with one another. The court found that because Stanko could not show that the two cases were of a substantially related matter, Domina's continued representation of Schwarting would not cause irreparable harm to Stanko. The court also noted that Stanko had an adequate remedy at law, moving to disqualify Domina from the commercial litigation, and therefore an injunction was not the appropriate remedy.

*Domina's Answer and Motion for Judgment on Pleadings.*

On June 6, 2021, Domina filed an answer to Stanko's pro se complaint alleging that Domina's representation of Schwarting in the commercial litigation created a conflict of interest. Domina alleged that his role was limited to acting as trial counsel in Stanko's criminal case, that he had not learned anything during preparation of the criminal case which was relevant to the commercial litigation, and that he had not represented Stanko or Stanko's business since his withdrawal as trial counsel in 2006. Domina also raised numerous affirmative defenses, including that Stanko had failed to state a claim upon which relief could be granted.

On July 1, 2021, Domina filed a motion for judgment on the pleadings. On July 27, Stanko filed a brief in opposition to Domina's motion for judgment on the pleadings. Stanko reasserted that Domina had created a conflict of interest because the feedlot at issue in the commercial litigation was the same feedlot at which he was arrested in 2006 for possessing guns. Stanko alleged that Domina knew "almost everything" about Stanko by nature of Domina being Stanko's "ex-lawyer or by keeping a dossier on Stanko's activities." Stanko also demanded that a jury, rather than the district court judge, assess the pleadings.

A hearing on Domina's motion for judgment on the pleadings in the conflict of interest case was held on August 10, 2021. At the beginning of the hearing, Domina's counsel stated that he was not trying to convert the motion for judgment on the pleadings into a motion for summary judgment, but suggested that the court could nevertheless consider the exhibits attached to Domina's answer. Both Domina's counsel and Stanko presented argument to the district court.

*District Court's Order.*

On September 1, 2021, the district court granted Domina's motion for judgment on the pleadings in the conflict of interest case. Again, the court concluded that Stanko's criminal case and the commercial litigation were "not even remotely related" and thus presented no conflict of interest. With respect to Stanko's claims that Domina had "violated the Common Law tort known as retaliation for certain political and legal positions," the court concluded no such tort existed. It also noted Stanko had not stated claims for malicious prosecution or abuse of process. Therefore, Stanko's complaint did not state any claims upon which relief could be granted.

The district court further found that Stanko had not sought viable remedies. The court again noted that in requesting an injunction, Stanko had failed to show either irreparable harm or that there was an inadequate remedy at law. The court observed that Stanko had requested compensatory damages equal to the amount sought by Schwarting's counterclaims in the commercial litigation, which the court found "nonsensical." Finally, the court observed Stanko's request for punitive damages was not permitted under Nebraska law. The court dismissed Stanko's complaint with prejudice.

Stanko appeals.

ASSIGNMENT OF ERROR

Stanko assigns, consolidated and restated, that the district court erred in not allowing a jury to decide whether a conflict of interest prevented Domina from representing Schwarting in the commercial litigation and whether Stanko was entitled to damages in the conflict of interest case.

STANDARD OF REVIEW

A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only questions of law are presented. *Foundation One Bank v. Svoboda*, 303 Neb. 624, 931 N.W.2d 431 (2019).

ANALYSIS

Stanko contends that a jury, rather than the district court, should have resolved his claims against Domina. He argues, "[t]he equity Court alleges there is no connection between [Domina] changing clients and abandoning [Stanko]. The jury would disagree." Brief for appellant at 10. Stanko then cites to United States Supreme Court opinions discussing the Seventh Amendment right to a civil jury trial, which are inapplicable here. See *Colgrove v. Battin*, 413 U.S. 149, 93 S. Ct. 2448 (1973); *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433, 7 L. Ed. 732 (1830).

The Seventh Amendment only requires civil jury trials in federal court, and the case at issue was filed in state court. See U.S. Const. amend. VII. In Nebraska, it is well established that litigants are typically entitled to a jury trial on legal claims, but not equitable claims. *Schmid v. Simmons*, 311 Neb. 48, 970 N.W.2d 735 (2022). Article I, § 6, of the Nebraska Constitution provides:

> The right of trial by jury shall remain inviolate, but the Legislature may authorize trial by a jury of a less number than twelve in courts inferior to the District Court, and may by general law authorize a verdict in civil cases in any court by not less than five-sixths of the jury.

Neb. Const. art. I, § 6, preserves the right to a jury trial as it existed under the common law when the Nebraska Constitution was adopted in 1875. *Schmid v. Simmons, supra*. It does not create or extend such right. *Id*. At common law, litigants did not have a right to a jury trial in equitable actions. *Id*. The nature of an action, whether legal or equitable, is determinable from its main object, as disclosed by the averments of the pleadings and the relief sought. *Id*. This determination is unaffected by the conclusions of the pleader or whether or not the pleader denominates the case as one at law or in equity. *Id*.

- 4 -

Stanko primarily sought injunctive relief in his pro se complaint against Domina, as Stanko requested that the district court enjoin Domina from representing Schwarting in the commercial litigation. An action for injunction sounds in equity. *County of Cedar v. Thelen*, 305 Neb. 351, 940 N.W.2d 521 (2020). The district court noted that Stanko had sought an equitable remedy rather than a remedy at law in both its order denying injunctive relief and its order granting Domina's motion for judgment on the pleadings. Stanko also concedes that the district court acted as an "equity Court" when it resolved his complaint against Domina. Because Stanko sought injunctive relief, an equitable action, he did not have the right to a jury trial.

Furthermore, Stanko's complaint was dismissed when the district court granted Domina's motion for judgment on the pleadings. On a motion for judgment on the pleadings, *the court* may consider all the pleadings and give judgment for the party entitled thereto. *White v. Ardan, Inc.*, 230 Neb. 11, 430 N.W.2d 27 (1988) (emphasis added). Domina's motion for judgment on the pleadings was based upon a failure of the complaint to state a cause of action. Whether a complaint states a cause of action is a question of law. *Hike v. State*, 297 Neb. 212, 899 N.W.2d 614 (2017). See also *Chaney v. Evnen*, 307 Neb. 512, 949 N.W.2d 761 (2020) (because no relief could have been granted based on allegations in complaint, district court was correct in concluding plaintiff failed to state claim upon which relief could be granted).

The district court was the proper entity to resolve Domina's motion for judgment on the pleadings. Stanko's argument that his claims should have been decided by a jury fails. Because Stanko does not specifically assign error to the district court's granting the motion for judgment on the pleadings, we need not address his arguments regarding the alleged conflict of interest further. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Wood*, 310 Neb. 391, 966 N.W.2d 825 (2021).

CONCLUSION

The district court did not err by failing to allow a jury to address the claims in Stanko's complaint. We affirm the district court's grant of Domina's motion for judgment on the pleadings and dismissal of Stanko's complaint against Domina with prejudice.

AFFIRMED.